UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRADIES ROBERSON, JR.,** ) | No. CV 04-10047-SS |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM DECISION AND ORDER |
| v. ) | |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying his application for Disability Insurance Benefits ("DIB"). Alternatively, he asks for a remand. the parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation, pursuant to this Court's Case Management Order, in support of their respective positions concerning Plaintiff's Motion. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings.

1 **THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. <u>Reddick v. Chater</u>, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. §§ 404.1520, 416.920.  The steps are:

(1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

(2) Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit.  20 C.F.R. §§ 404.1510, 416.910.

```
                    disabled.  If not, proceed to step four.
     (4)  Is the claimant capable of performing his past work?  If
          so, the claimant is found not disabled.  If not, proceed
          to step five.
     (5)  Is the claimant able to do any other work?  If not, the
          claimant is found disabled.  If so, the claimant is found
          not disabled.
```

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); 20 C.F.R. §§ 404.1520(b) - 404.1520(f)(1) & 416.920(b) - 416.920(f)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett). Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity,[2] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R.

---

[2] Residual functional capacity is "what [one] can still do despite [his] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a).

1  Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").
2  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing
3  Tackett).  When a claimant has both exertional (strength-related) and
4  nonexertional limitations, the Grids are inapplicable and the ALJ must
5  take the testimony of a vocational expert.  Moore v. Apfel, 216 F.3d
6  864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340
7  (9th Cir. 1988)).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)).  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279).  To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland, 257 F.3d at 1035 (citing Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support

either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

## DISCUSSION

Plaintiff contends that the ALJ improperly assessed Plaintiff's ability to perform his past relevant work as a security guard. (Jt. Stip. at 3). This Court agrees and remands this action on that basis. As the Court determines that remand is required on this basis alone, the Court need not address Plaintiff's alternative arguments.

### **Substantial Evidence Does Not Support the ALJ's Determination that Plaintiff Could Perform His Past Relevant Work**

After reviewing the medical evidence and Plaintiff's testimony, the ALJ concluded that Plaintiff was capable of performing light work activities. (AR 14). The ALJ continued by finding that Plaintiff was therefore capable of returning to his past relevant work as a security guard. This was error.

At step four of the sequential evaluation, claimants have the burden of showing that they can no longer perform their past relevant work. 20 C.F.R. § 404.1520(e). Although the burden of proof lies with the claimant at step four, the ALJ "still has a duty to make the requisite factual findings to support his decision." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citing Social Security Ruling ("SSR") 82-62). The ALJ must look at the "residual functional

capacity and the physical and mental demands" of the claimant's past work and making findings of fact as to the past work's requirements. 20 C.F.R. § 404.1520(e); SSR 82-62. The claimant must be able to perform the job as he actually performed it, or as it is generally performed in the national economy. SSR 82-61; Pinto, 249 F.3d at 844.

The ALJ determined that Plaintiff suffered from a combination of impairments consisting of major depressive disorder, not otherwise specified, degenerative disc disease of the lumbar and cervical spine, and knee pain. (AR 14). The ALJ concluded that this combination of impairments did not meet or equal any listed impairment. Id. The ALJ then determined that Plaintiff retained the residual functional capacity to perform work-related activities <u>not</u> involving more than light exertion, detailed work tasks or more than minimal exposure to the general public. (AR 15). Neverthless, based upon Plaintiff's work history as a security guard, the ALJ found that Plaintiff could return to that past work. Therefore, the ALJ concluded that Plaintiff was not disabled. (Id.).

Elsewhere in his decision, the ALJ found that Plaintiff was an individual closely approaching advanced age at the time of his application, as he was 54 years and four months. The ALJ also found that Plaintiff had an RFC to perform the physical demands of a range of light work involving <u>no detailed tasks</u> or exposure to excessive contact with the general public. (AR 13-14).

Dr. Mehoob Ali Makhani, a psychiatrist, diagnosed plaintiff with a depressive disorder not otherwise specified, an adjustment disorder with

chronic depressed mood, moderate psychosocial stressors and a global assessment of functioning between 50 and 60, the range of moderate impairments. The consultative examiner describer Plaintiff as retaining the capacity to understand, retain and follow simple basic instructions. (AR 241). The state agency physician, Dr. Williams, found moderate difficulties in understanding, remembering and carrying out detailed instructions. (AR 247). He also found a major depressive disorder. (AR 251, 254). Dr. Williams found mild restrictions of daily living activities, mild difficulties in maintaining social functioning, and moderate difficulties maintaining concentration, persistence or pace. (AR 275). The Commissioner concedes that Plaintiff cannot perform detailed work tasks. (Jt. Stip. at 6).

The presence of a prohibition against, moderate impairments in or a maximum capacity for detailed work would preclude work as a security guard, according to the Dictionary of Occupational Titles ("DOT"). The occupation of a security guard requires reasoning level 3. Reasoning level 3 requires the ability to:

> Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

DOT code 372.667-034 (attached hereto).

The DOT is part of the record for review in social security cases. The regulations provide that DOT classifications provide a rebuttable

presumption regarding certain jobs and require that the ALJ take notice of DOT's classifications.  20 C.F.R. § 404.1566(d)(2)-(5)(e).  As the ALJ found that Plaintiff is either limited in his ability to do detailed work, has moderate impairments in performing detailed work, or cannot perform detailed work, Plaintiff cannot perform work that requires reasoning level three.  As such, the ALJ's conclusions regarding Plaintiff's ability to return to his past relevant work are not supported by substantial evidence.

It is possible that Plaintiff would still be able to perform certain other types of light work, given his mental and physical limitations.  However, based upon the record evidence, it was error to conclude he could return to his past relevant work as a security guard. Upon remand, the ALJ should re-do the evaluation at steps four and five. In addition, he should obtain the testimony of a vocational expert.

**CONCLUSION**

IT IS ORDERED that Judgment be entered REVERSING and REMANDING the decision of the Commissioner for further administrative proceedings consistent with this decision.  The Clerk of the Court shall serve copies of this Order and the Judgment on counsel for both parties.

DATED: October 31, 2005.

                                                /s/
                                        SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE

DICOT 372.667-034
DICOT 372.667-034  GUARD, SECURITY

DICOT 372.667-034  GUARD, SECURITY
DICTIONARY OF OCCUPATIONAL TITLES
Fourth Edition, Revised 1991
Occupational Group Arrangement
  3  Service Occupations
   37  Protective Service Occupations
    372  Security Guards and Correction Officers, Except Crossing Tenders
372.667-034  GUARD, SECURITY
Industry Designation:  Any Industry

Alternate Titles:  Patrol Guard; Special Police Officer; Watchguard
  Guards industrial or commercial property against fire, theft, vandalism, and illegal entry, performing any combination of following duties: Patrols, periodically, buildings and grounds of industrial plant or commercial establishment, docks, logging camp area, or work site. Examines doors, windows, and gates to determine that they are secure. Warns violators of rule infractions, such as loitering, smoking, or carrying forbidden articles, and apprehends or expels miscreants. Inspects equipment and machinery to ascertain if tampering has occurred. Watches for and reports irregularities, such as fire hazards, leaking water pipes, and security doors left unlocked. Observes departing personnel to guard against theft of company property. Sounds alarm or calls police or fire department by telephone in case of fire or presence of unauthorized persons. Permits authorized persons to enter property. May register at watch stations to record time of inspection trips. May record data, such as property damage, unusual occurrences, and malfunctioning of machinery or equipment, for use of supervisory staff. May perform janitorial duties and set thermostatic controls to maintain specified temperature in buildings or cold storage rooms. May tend furnace or boiler. May be deputized to arrest trespassers. May regulate vehicle and pedestrian traffic at plant entrance to maintain orderly flow. May patrol site with guard dog on leash. May watch for fires and be designated Fire Patroller (logging). May be designated according to shift worked as Day Guard (any industry); area guarded as Dock Guard (any industry); Warehouse Guard (any industry); or property guarded as Powder Guard (construction). May be designated according to establishment guarded as Grounds Guard, Arboretum (any industry); Guard, Museum (museums); Watchguard, Racetrack (amuse. & rec.); or duty station as Coin-Vault Guard (any industry). May be designated Guard, Convoy (any industry) when accompanying or leading truck convoy carrying valuable shipments. May be designated: Armed Guard (r.r. trans.); Camp Guard (any industry); Deck Guard (fishing & hunt.; water trans.); Night Guard (any industry); Park Guard (amuse. & rec.).
GUIDE FOR OCCUPATIONAL EXPLORATION:  04.02.02
STRENGTH:  Light Work - Exerting up to 20 pounds of force occasionally  (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects.  Physical demand requirements are in excess of those for Sedentary Work.  Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.
GENERAL EDUCATIONAL DEVELOPMENT
     Reasoning:  Level 3 - Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations.

     Math:     Level 1 - Add and subtract two-digit numbers.  Multiply and divide 10's and 100's by 2, 3, 4, 5.  Perform the four basic arithmetic operations with coins as part of a dollar.  Perform operations with units such as cup, pint, and quart; inch, foot, and yard; and ounce and pound.

     Language:   Level 2 - READING: Passive vocabulary of 5,000-6,000 words. Read at rate of 190-215 words per minute. Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation. Read instructions for assembling model cars and airplanes.

                    WRITING: Write compound and complex sentences, using cursive style, proper end puncuation, and employing adjectives and adverbs.

SPEAKING: Speak clearly and distinctly with appropriate pauses and emphasis, correct puncuation, variations in word order, using present, perfect, and future tenses.

SPECIFIC VOCATIONAL PREPARATION:  Level 3 - Over 1 month up to and including 3 months
DATE OF LAST UPDATE:  1988
WORKER FUNCTIONS
    Data:    6 - Comparing
          S - Significant
    People:  6 - Speaking-Signalling
          S - Significant
    Things:  7 - Handling
          N - Not Significant
WORK FIELDS
    Field 1:  293 - Protecting
MATERIALS, PRODUCTS, SUBJECT MATTER AND SERVICES
    Field 1:  905 - Janitorial and Portering Services (building cleaning, baggage handling, window cleaning, chimney cleaning, floor waxing, etc.)
    Field 2:  951 - Protective Services, except Military (property security, armored car services, crime prevention, fire and police protection, wild- life protection, etc.)
APTITUDES
    General Learning Ability:   Level 3 - Middle 1/3 of the Population
          Medium Degree of Aptitude Ability
    Verbal Aptitude:   Level 4 - Lowest 1/3 Excluding Bottom 10%
          Low Degree of Aptitude Ability
    Numerical Aptitude:   Level 3 - Middle 1/3 of the Population
          Medium Degree of Aptitude Ability
    Spacial Aptitude:   Level 4 - Lowest 1/3 Excluding Bottom 10%
          Low Degree of Aptitude Ability
    Form Perception:   Level 4 - Lowest 1/3 Excluding Bottom 10%
          Low Degree of Aptitude Ability
    Clerical Perception:   Level 4 - Lowest 1/3 Excluding Bottom 10%
          Low Degree of Aptitude Ability
    Motor Coordination:   Level 4 - Lowest 1/3 Excluding Bottom 10%
          Low Degree of Aptitude Ability
    Finger Dexterity:   Level 4 - Lowest 1/3 Excluding Bottom 10%
          Low Degree of Aptitude Ability
    Manual Dexterity:   Level 4 - Lowest 1/3 Excluding Bottom 10%
          Low Degree of Aptitude Ability
    Eye-Hand-Foot Coordination:  Level 5 - Bottom 10% of the Population
          Markedly Low Aptitude Ability
    Color Discrimination:   Level 4 - Lowest 1/3 Excluding Bottom 10%
          Low Degree of Aptitude Ability
TEMPERAMENTS
    R:  Performing REPETITIVE or short-cycle work
    P:  Dealing with PEOPLE
    S:  Performing effectively under STRESS
PHYSICAL DEMANDS
    Climbing:    Not Present  - Activity or condition does not exist
    Balancing:    Not Present  - Activity or condition does not exist
    Stooping:    Not Present  - Activity or condition does not exist
    Kneeling:    Not Present  - Activity or condition does not exist
    Crouching:    Not Present  - Activity or condition does not exist
    Crawling:    Not Present  - Activity or condition does not exist
    Reaching:    Frequently   - Exists from 1/3 to 2/3 of the time
    Handling:    Frequently   - Exists from 1/3 to 2/3 of the time
    Fingering:    Not Present  - Activity or condition does not exist
    Feeling:    Not Present  - Activity or condition does not exist

```
Talking:         Occasionally - Exists up to 1/3 of the time
Hearing:         Occasionally - Exists up to 1/3 of the time
Tasting/Smelling: Not Present - Activity or condition does not exist
Near Acuity:     Occasionally - Exists up to 1/3 of the time
Far Acuity:      Frequently   - Exists from 1/3 to 2/3 of the time
Depth Perception: Occasionally - Exists up to 1/3 of the time
Accommodation:   Occasionally - Exists up to 1/3 of the time
Color Vision:    Occasionally - Exists up to 1/3 of the time
Field of Vision: Frequently   - Exists from 1/3 to 2/3 of the time
```
ENVIRONMENTAL CONDITIONS
```
Exposure to Weather: Frequently   - Exists from 1/3 to 2/3 of the time
Extreme Cold:        Not Present  - Activity or condition does not exist
Extreme Heat:        Not Present  - Activity or condition does not exist
Wet and/or Humid:    Not Present  - Activity or condition does not exist
Noise Level:         Level 2      - Quiet
Vibration:           Not Present  - Activity or condition does not exist
Atmospheric Cond.:   Not Present  - Activity or condition does not exist
Moving Mech. Parts:  Not Present  - Activity or condition does not exist
Electric Shock:      Not Present  - Activity or condition does not exist
High Exposed Places: Not Present  - Activity or condition does not exist
Radiation:           Not Present  - Activity or condition does not exist
Explosives:          Not Present  - Activity or condition does not exist
Toxic Caustic Chem.: Not Present  - Activity or condition does not exist
Other Env. Cond.:    Occasionally - Exists up to 1/3 of the time
```
STANDARD OCCUPATIONAL CLASSIFICATION: 5144

**DICOT 372.667-034**